IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RILEY Q. LINDEN,

              Plaintiff,

    vs.

DEPARTMENT OF HEALTH AND HUMAN
SERVICES (DHHS),

              Defendant.

**4:24CV3210**


**MEMORANDUM AND ORDER**

Pro se Plaintiff, Riley Q. Linden, alleges the Nebraska Department of Health and Human Services violated her civil rights. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). Because her complaint does not allege adequate facts to set forth a cause of action upon which relief can be granted, it does not survive initial review. The Court gives Linden the opportunity to file an amended complaint to clarify her cause of action.

## I.    SUMMARY OF THE COMPLAINT

Linden has filed a complaint against the Nebraska Department of Health and Human Services ("DHHS") purportedly under 42 U.S.C. § 1983 alleging race discrimination. Filing No. 1 at 3. She generally alleges two incidents to support her claim: one occurring at Sidney Middle School in 2019 and one occurring at the DHHS offices of Cheyenne County in 2019 and 2024. Filing No. 1 at 4.

As to the middle school incident, Linden states that CPS questioned her children during school and accused her child of underage smoking due to smelling like cigarette smoke. Filing No. 1 at 7. She alleges that CPS officials "grabbing" her daughter and

1

"demanding her to take off her clothes" constituted assault and harassment. Filing No. 1 at 7.

As to the DHHS office incident, Linden alleges she was discriminated against on the basis of her race when "applying for SNAP food stamps supplement program due to the offices and departments allegedly misplacing my applications months on end. I applied for this program numerous times due to my inconveniences of my income." Filing No. 1 at 6.

Linden seeks "twenty-five billion dollars" in damages. Filing No. 1 at 5.

## II.    STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se

2

litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.   ANALYSIS

### A.  Statute of Limitations

First, as to any § 1983 claim occurring in Nebraska in 2019, the statute of limitations has expired, and the Court accordingly has no jurisdiction.

Section 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose. *Bridgeman v. Neb. State Pen*, 849 F.2d 1076, 1077 (8th Cir. 1988); *Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 913 (D. Neb. 2004) (citing *Bauers v. City of Lincoln*, 514 N.W.2d 625, 634 (Neb. 1994)).  In Nebraska, that is the four-year statute of limitations for personal injury actions.  *See* Neb. Rev. Stat. § 25-207; *Poor Bear*, 300 F. Supp. 2d at 913 ("Neb. Rev. Stat. § 25–207 . . . applies to § 1983 actions." (quoting *Bauers*, 514 N.W.2d at 634)).

Linden filed suit on November 20, 2024.  Thus, any claims prior to November 20, 2020, are barred by the statute of limitations.  The Court cannot entertain Linden's claims regarding what occurred with CPS at the middle school or anything that occurred with DHHS in 2019, as those claims are untimely.

### B.  Denial of Benefits

Unlike her 2019 claims, Linden's claim regarding DHHS losing her application for SNAP benefits in 2024 is not untimely.

Linden raises this as a claim under 42 U.S.C. § 1983 which provides a cause of action for deprivation of rights under color of law.  However, given that the claim potentially involves the denial of public assistance (SNAP), the Court concludes her claim is more properly framed as arising under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.

Title VI provides, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To plead a Title VI discrimination claim, a plaintiff must plausibly allege that "his race, color, or national origin motivated the defendant's discriminatory conduct." *Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 355 (8th Cir. 2020). "The discriminatory motive may be pleaded by making allegations 'giving rise to an inference that [the plaintiff] has been intentionally discriminated against because of [his] race [color, or national origin].'" *Arentsen v. Nebraska*, No. 4:23CV3131, 2024 WL 3950834, at *4 (D. Neb. Aug. 26, 2024) (alterations in original) (quoting *Libault v. Mamo*, No. 4:22-CV-3096, 2023 WL 3011259, at *7 (D. Neb. Mar. 20, 2023)). Title VI "requires a plaintiff to show that a forbidden reason was the but-for cause of a denial of benefits." *Abdull v. Lovaas Inst. for Early Intervention Midwest*, 819 F.3d 430, 433 (8th Cir. 2016) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013)).

Here, Linden has not pled adequate facts to set forth a plausible cause of action under Title VI. As an initial matter, it is not apparent that Linden was denied benefits by DHHS at all. She claims DHHS repeatedly lost her paperwork, but she does not state whether this resulted in her being denied benefits or merely having to redo her application. *See* Filing No. 1 at 6. Furthermore, Linden has not pled any facts to demonstrate what her race is or to suggest that DHHS was motivated by her race when it denied her benefits or misplaced her application. As such, Linden has failed to state a plausible Title VI claim.

## IV. CONCLUSION

Linden's complaint fails to state a claim for relief, meaning it is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) and 1915A. Out of an abundance of caution,

however, the Court, on its own motion, will give Plaintiff 30 days in which to file an amended complaint.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

IT IS ORDERED:

1.  Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2.  Failure to consolidate all claims into *one document* may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) and 1915A in the event she files an amended complaint.

4.  The Clerk of the Court is directed to set this pro se case management deadline for 30 days from today's date: amended complaint due.

5.  Plaintiff shall keep the Court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.


Dated this 6th day of February, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

5